```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

PRESLER JOSEPH,                )
        Petitioner,            )
                               )
        v.                     ) Civil Action No. 04-11922-NMG
                               )
BRUCE CHADBOURNE, INTERIM FIELD)
OFFICE DIRECTOR,               )
        Respondent.            )
```

### MEMORANDUM AND ORDER

For the reasons stated below, petitioner is granted additional time to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### BACKGROUND

On September 1, 2004, Presler Joseph, an immigration detainee at the Bristol County Jail and House of Correction, filed a civil cover sheet and a civil category sheet. Petitioner paid the $5.00 fee for filing a habeas petition, but did not submit a document entitled "Petition."  However, in the section labeled "Cause of Action" on the civil cover sheet, petitioner states he is "detained by the Bureau of Immigration and Customs Enforcement."  See civil cover sheet, § VI (cause of action).  He also lists "Petition for a Writ of Habeus (sic) Corpus Pursuant to 28 U.S.C. § 2241."  Id.

### DISCUSSION

Here, petitioner filed a civil and category sheets but not a habeas petition.  The Federal Rules require an

application for habeas relief to be "in the form of a petition for writ of habeas corpus in which the state officer having custody of the applicant shall be named as respondent."  See Rule 2(a) of the Rules Governing Section 2254 proceedings; see also Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001) (the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions).

The completion of a civil cover sheet (as well as a category sheet) is required by the local rules of this Court for the use by the Clerk of the Court to create the docket sheet and to prepare necessary indices and statistical records.  See L.R. 3.1.  The civil cover sheet states, both in the instructions and at the top of the page that "the information contained herein neither replaces nor supplements the filings and service of pleading [sic] or other papers. . . ."  See Civil cover sheet.

As completed by petitioner, the civil cover sheet contains no facts to indicate why petitioner is seeking habeas relief.  Although at least one court has held, in the context of a bankruptcy proceeding, that a civil cover sheet cannot be treated as a cognizable substitute for a complaint, see In re Calafiore, 237 B.R. 249, 252 (D. Conn. 1999), this Court,

consistent with its duties to construe pro se pleadings generously, will grant time to plaintiff to file a habeas petition. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (holding that pro se litigants are entitled to liberal construction of their pleadings); <u>see also</u> <u>Instituto de Educacion Universal Corp. v. Department of Educ.</u>, 209 F.3d 18, 23 (1st Cir. 2000) (stating that court was "troubled" by rigid approach to the construction of pleadings; where action had been transferred to the court without a complaint it could direct litigant to file a complaint).

## ORDER

ACCORDINGLY, if petitioner Presler Joseph wishes to proceed with this action, he shall, within twenty-one (21) days of the date of this Order, file a habeas petition. The Clerk is directed to send to petitioner a list of free legal services providers.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>16th</u> day of <u>September</u>, 2004.

                                   s/ Nathaniel M. Gorton
                                  UNITED STATES DISTRICT JUDGE