UNITED STATES DISTRICT COURT

EASTERN MASSACHUSETTS

| | |
|---|---|
| PRESLER JOSEPH ) <br> A-34-655-339 ) <br> ) <br> v. ) <br> ) <br> JOHN D. ASHCROFT ) <br> Attorney General; ) <br> BRUCE CHADBOURNE ) <br> Interim Field Office ) <br> Director I.C.E.; ) <br> THOMAS HODGSON ) <br> Sheriff Bristol county ) <br> House of Correction ) <br> ) <br> RESPONDENTS ) <br> ) <br> ) | Civil Action #04-11922-NMG <br><br> MOTION FOR APPOINTMENT OF <br> COUNSEL PURSUANT <br> 18 U.S.C. § 3006 A |

   Petitioner is a citizen and national of **HAITI**. Petitioner is in I.C.E.'s custody (formerly I.N.S.) in the United States, but has been ordered removed to HAITI by an Immigration Judge. Petitioner's removal order is final, but petitioner cannot be removed to HAITI. Thus petitioner remains indefinitely detained in I.C.E. custody, and has been confined for a period far longer than the law mandates. Under 8 usc § 1231 (a)(1)(2), once an alien has been ordered removed, The Attorney General must carry out the order within a period of 90 days, during which time the alien shall be detained. The post-removal provision of the same statute 8 usc § 1231 (a)(6), allows for certain aliens to be detained beyond the removal period, but

the supreme court explicitly limited this detention period in ZADVYDAS v. DAVIS. 533 U.S. 678 (2001). In that case, the court held that § 1231 (a)(6) restricts an alien's post-removal and that it "does not permit indefinite detention" Zadvydas. 533 U.S. at 689. The court found that an alien may not be held longer than six months; The general rule is that an alien may not be confined only until there is "no significant likelihood of removal in the reasonable future." Id. at 701. The question as to whether petitioner's detention is in violation of the laws of the United States in one for a federal habeas court to hear 28 U.S.C. § 2241 petitioner's request for release.

THEREFORE, Petitioner requests that this court appoint counsel to represent him in this habeas action.

## 1. THE COURT SHOULD EXERCISE IT'S DISCRETION TO APPOINT COUNSEL

Assuming that petitioner has shown financial need, a district court may appoint counsel in habeas proceeding under 28 usc § 2241 when the "interests of justice so require." 18 U.S.C § 3006 A (a)(2)(b). Courts have often examined three elements in determining whether appointment of counsel is necessary: The likelihood of success on the merits, the complexity of the legal issues involved in the case, and the ability of the petitioner to present the case in light of it's complexity. see. e.g.,WEVGANDT v. LOOK, 718 f 2d 952,954 (9th cir. 1983); SALDINA v. THORNBURGH, 775 r. supp. 507, 511 (D. conn. 1991). petitioner has been held in custody. Since being ordered removed to Haiti, and removal in the reasonable forseeable future is unlikely because the Haitian government isn't stable ever since the prior president was ousted and will not accept the petitioner On 9/21/04; Petitioner spoke with CAROLE AMBROSE of the Haitian counsulate. (please see enclosed affidavit. Under the supreme court's decision in Zadvydas, petitioner's continued detention is presumptively unreasonable. Thus, petitioner has a high likelihood of success on the merits.
Moreover, petitioner would encounter great difficulty

presenting the habeas corpus case alone. The house report on the predecessor to § 3006A (a)(2)(b) recognized that habeas corpus proceeding often present " serious and complex issues of law and fact " that would necessitate the assistance of counsel. HR. rep. no. 1546, 91st cong. 2d sess. (1970), reprinted in 1970 u.s.c.c.a.n. 3982, 3993. In addition, the congressional report on § 3006A (2)(b) stated that a court should appoint counsel when "necessary to insure a fair hearing." ID. The complexity of a habeas case will pose an especially great obstacle for petitioner. Please see enclosed affidavit in support of this motion.

In light of the complicated issues involve in habeas cases and petitioner's ability to adequately present the case at bar, as well as petitioner's likelihood of success on the merits, this court should exercise it's descretion to appoint counsel under 18 u.s.c. § 3006A (a)(2)(b).

## II. APPOINTMENT OF COUNSEL IS NECESSARY BECAUSE DISCOVERY IS IMPERATIVE

The rules governing habeas proceedings require the appointment of counsel in certain circumstances. (fn*). Under rule 6(a), 28 u.s.c. fall §2254, a judge must appoint counsel for a petitioner if it is " necessary for effective utilization of discovery procedures." The I.C.E. has information and document relevant to petitioner's habeas' petition, and without the assistance of counsel, petitioner will not be able to effectively pursue discovery and as a result, will not adequately present his claims. The aid of an attorney is especially important in this case, given petitioner's lack of familiarity with the legal procedure involved in requesting obtaining discovery.

---

FN* The rule cited in section II and III typically govern the habeas corpus cases brought under § 2254. However, these rules may be applied to habeas cases that do not fall under § 2254- such as those cases arising under § 2241- at the discretion of the court. Rule 1 (b), 28 usc fall § 2254.

Moreover, even if the petitioner were to obtain documents in discovery, without the assistance of counsel, petitioner would not be capable of sufficiently reviewing them in order to determine his likelihood of being removed in the forseeable future.

### III. AN EVIDENCIARY OR MOTIONS HEARING MAY BE NECESSARY

Under rule 8(c), 28 usc foll § 2254, the court is required to appoint counsel in a habeas proceeding if an evidenciary hearing is needed. An evidenciary hearing will likely be necessary in this case. Regardless of any other issues, if an evidenciary hearing is scheduled, the court must appoint counsel for petitioner.

For the above reasons, this court should appoint counsel to assist petitioner in the instant habeas proceedings challenging petitioner's detention by I.C.E., pursuant to the supreme court decision in Zadvydas.

RESPECTFULLY SUBMITTED:

*[signature]*                                      DATED: September 21, 2004

PRESLER JOSEPH

Bristol County House of correction
400 Faunce corner road
North Dartmouth, MA 02747