United States District Court
District of Massachusetts

_____
                              )
PRESLER JOSEPH,               )
                              )
        Petitioner,           )
                              )   Civil Action No.
        v.                    )   04-11922-NMG
                              )
BRUCE CHADBOURNE, Interim Field )
Office Director for Detention )
and Removal, Bureau of        )
Immigration and Customs       )
Enforcement,                  )
                              )
        Respondent.           )
_____)

MEMORANDUM & ORDER

GORTON, J.

This case involves a motion to appoint counsel to assist petitioner with a yet-to-be-filed habeas corpus petition pursuant to 28 U.S.C. § 2241.

I.   Background

    A.   Facts

Petitioner Presler Joseph ("Joseph") states that he is currently in I.C.E. (formerly I.N.S.) custody and that an immigration judge has ordered his removal to Haiti.  However, petitioner contends that removal in the foreseeable future is unlikely because the Haitian government is unstable.  Petitioner states that he has been "confined for a period far longer than

the law mandates" but does not disclose precisely how long he has been in confinement.  He does not contest his ultimate removal to Haiti but apparently rests his entire claim for habeas corpus relief on the theory that the government has waited too long to deport him.

Petitioner states that he cannot afford an attorney because he is currently not gainfully employed.  He adds that while incarcerated in Rhode Island he paid a lawyer $4,000 to prosecute an appeal that went nowhere and that he had a different immigration lawyer who failed or refused to apply for a waiver or file a petition for him.  Finally, petitioner reports that he wrote to "most" of the free legal service providers named on a list given to him by the Court but that they have not replied.

Petitioner argues that he needs an attorney to assist him in preparing his habeas petition because 1) he is likely to succeed on the merits, 2) the legal issues involved in the case are complex and 3) in light of that complexity, he is unable to present the petition adequately without the assistance of an attorney.

B.    Filings

On September 2, 2004, petitioner filed a civil cover sheet. In the section provided for the description of the cause of action, petitioner wrote "Petition for a writ of habeus [sic] corpus pursuant to 28 U.S.C. s2241.  Petitioner is detained by

-2-

Bureau of Immigration & customs enforcement." The submission is entirely devoid of any factual allegations supporting his habeas claim and petitioner has failed to file any petition with the cover sheet.

On September 16, 2004, this Court issued a memorandum and order granting petitioner additional time to file a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The memorandum noted that the Federal Rules require an application for habeas relief to be in the form of a petition for habeas corpus and that the civil cover sheet does not replace the filings and service of pleadings or other papers. Petitioner was directed to file a habeas petition within 21 days of that order (i.e. on or before October 7, 2004) if he wished to proceed with the action.

On September 24, 2004, petitioner filed the instant motion for appointment of counsel and a supporting affidavit. On October 7, 2004, he filed a motion for extension of time for filing his habeas corpus petition, stating that would like the assistance of counsel and that he is waiting to receive other documents (such as the birth certificates of his daughter and sister) which he needs to attach to his petition.

On November 3, 2004, Respondent Bruce Chadbourne filed a Notice of Intent to Execute Removal Order. The notice states that respondent intends to execute the final order of removal against petitioner on or after November 29, 2004.

-3-

## II.  Discussion

Section 1231 of Title 8 of the United States code provides
that when an alien is ordered removed, the Attorney General shall
remove the alien from the United States within a period of 90
days from the later of 1) the date the order of removal becomes
administratively final, 2) the date of a reviewing court's final
order, if the court ordered a stay of removal, or 3) the date the
alien is released from detention or confinement other than under
an immigration process.  The statute further provides that the
removal period shall be extended and the alien may remain in
detention if the alien "fails or refuses to make timely
application in good faith for travel or other documents necessary
to the alien's departure or conspires or acts to prevent the
alien's removal."  8 U.S.C. § 1231(2).  Here, petitioner has not
stated when his removal order became final, how long he has been
detained or whether he has been detained or confined other than
under an immigration process.

This Court will not appoint an attorney for petitioner.  He
has failed to provide any facts upon which this Court could
conclude that his habeas corpus claim is likely to be
meritorious.  Indeed, it seems that the government is cognizant
of the removal order and intends to remove him in the near
future.  Furthermore, petitioner has made no attempt to
demonstrate that he is without funds to obtain his own lawyer or

that he has made a serious effort to obtain legal advice from one
of the free legal service providers available in the area.
Indeed, petitioner has already utilized two attorneys in related
matters.  The interests of justice are not served by this Court's
appointment of an attorney for petitioner under these
circumstances.

Petitioner failed to meet the deadline imposed by this Court
for the filing of his habeas petition.  His motion for an
extension of time will be denied.  Petitioner filed the motion on
the final day of this Court's deadline for filing his habeas
petition and has offered no reason, much less a compelling
reason, for failing to meet the deadline.

Because petitioner has not filed a petition for habeas
corpus, this case will be closed.

### ORDER

Based upon the foregoing memorandum:

1.  Petitioner's Motion for Appointment of Counsel Pursuant
    [sic] 18 U.S.C. § 3006 A (Docket No. 3) is DENIED;

2.  Petitioner's Motion for Extention [sic] for Filing
    Habeas Corpus (Docket No. 5) is DENIED; and

3.  The case is CLOSED.

**So ordered.**

                              /s/ Nathaniel M. Gorton
                              Nathaniel M. Gorton
                              United States District Judge

Dated: November 9, 2004